United States District Court
Southern District of Texas

**ENTERED**

December 15, 2025

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAURA ROMO, *et. al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. H-25-0508 |
| | § | |
| SPRING BRANCH INDEPENDENT | § | |
| SCHOOL DISTRICT, *et. al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Defendant Spring Branch Independent School District's Motion to Strike Exhibits to Plaintiffs' Response to SBISD's Motion to Dismiss Plaintiff's First Amended Complaint (Document No. 50); Defendant Spring Branch Independent School District's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 30); and Defendants Soliant Health, LLC d/b/a Soliant Health's and Jamila Tressie Spencer's Motion to Dismiss Plaintiffs' First Amended Complaint (Document No. 32). Having considered the motions, submissions, and applicable law, the Court finds that Defendant Spring Branch Independent School District's motion to strike should be granted, the Defendant Spring Branch Independent School District's motion to dismiss should be granted in part and denied in part, and that Defendants

Soliant Health, LLC d/b/a Soliant Health's and Jamila Tressie Spencer's motion should be denied.

## I. BACKGROUND

This is a matter involving the alleged wrongful death of a child. Plaintiffs Laura Romo and Omar Romo (collectively "Plaintiffs") are the parents of the deceased "S.R." The deceased was a child with severe autism and Williams-Beuren Deletion Syndrome and a student at Stratford High School within Defendant Spring Branch Independent School District ("SBISD"). On February 6, 2023, S.R., who had a propensity to chew on objects around him, ingested a rubber glove ultimately leading to his death on February 8, 2023. At the time of the incident, SBISD had a contract with Defendant Soliant Health ("Soliant") whereby Defendant Jamila Tressie Spencer ("Spencer"), an employee of Soliant, would provide services to S.R. and other students at Stratford High School.

On the day of the incident, S.R. and his classmates were in the gymnasium with Spencer who was tasked with supervising the students. S.R. became visibly distressed but Spencer, who was allegedly on her cellphone at the time, did not notice. Eventually, S.R. tripped and fell, and only then did Spencer notice that S.R. was not breathing and had turned blue. EMS was called and dispatched to the scene, discovering that a rubber glove was lodged in S.R.'s airway. S.R. was then transported to Texas Children's Hospital West Campus where he died two days later.

2

Based on the foregoing, on February 6, 2025, Plaintiffs filed suit in this Court against SBISD asserting claims under: (1) Section 504 of the Rehabilitation Act of 1973; (2) the Americans with Disabilities Act; (3) the Fourteenth Amendment of the Constitution; (4) the Fourth Amendment of the Constitution; and (5) the doctrine of *Respondeat Superior*.[1] Plaintiffs also assert claims against Soliant and Spencer for: (1) negligence; (2) gross negligence; and (3) wrongful death.[2] On June 17, 2025, SBISD filed a motion to dismiss for failure to state a claim upon which relief can be granted. On June 23, 2025, Soliant and Spencer filed a motion to dismiss for failure to state a claim upon which relief can be granted. On July 25, 2025, Plaintiffs responded to SBISD's motion to dismiss. On July 31, Plaintiffs responded to Soliant and Spencer's motion to Dismiss. On August 7, 2025, SBISD replied to Plaintiffs' response. On August 18, Soliant and Spencer replied to Plaintiffs' response.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces

---

[1] *See Plaintiffs' Amended Complaint*, Document No. 29 at 20–23.

[2] *See Plaintiffs' Amended Complaint*, Document No. 29 at 23–26.

does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III.  LAW & ANALYSIS

The Court will consider, in turn: (A) Defendant SBISD's Motion to Strike; (B) Defendant SBISD's Motion to Dismiss; and (C) Spencer and Soliant Health's Motion to Dismiss.

4

*A. Defendant SBISD's Motion to Strike (Document No. 50)*

SBISD moves to strike the exhibits Plaintiffs' attached to their response to SBISD's motion to dismiss, contending that the exhibits "are plainly improper under Rule 12(b)(6)."[3] In response, Plaintiffs' contend that the Court should take judicial notice of the exhibits and that the exhibits in question were already noted in their Amended Complaint.[4]

Federal Rule of Civil Rule 12(f) states, in relevant part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In reviewing a motion to dismiss, the Court is generally limited to the Complaint and the motion itself. *See Collins v. Morgan Stanley Dean Witter*, 244 F.3d 496, 498 (5th Cir. 2000).

A review of the record in this matter reveals that the exhibits in question were attached, for the first time, to the Plaintiffs' response to SBISD's motion to dismiss.[5] Based on the foregoing, the language of Federal Rule of Civil Procedure 12(f), and the clear guidance of the Fifth Circuit that the Court should limit its review of a

---

[3] *Defendant Spring Branch Independent School District's Motion to Strike Exhibits to Plaintiffs' Response to SBISD's Motion to Dismiss Plaintiff's First Amended Complaint*, Document No. 50 at 4.

[4] *Plaintiffs Response to Spring Branch Independent School District's Motion to Strike Exhibits*, Document No. 61 at 4–5.

[5] *See Plaintiffs' Response to the School District's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 42, Exhibit A, Exhibit B, Exhibit C.

motion to dismiss to the Complaint and motion, the Court finds that Plaintiffs' exhibits should be struck. As such, the Court finds that SBISD's motion to strike should be granted. The Court will now consider Defendants' motions to dismiss and will disregard the exhibits included in Plaintiffs' response to SBISD's motion to dismiss.

### B. Defendant SBISD's Motion to Dismiss (Document No. 30)

SBISD moves to dismiss all of Plaintiffs' claims, contending Plaintiffs failed to sufficiently plead said claims. Plaintiffs contend that the pleading of each claim is sufficient to satisfy the requirements under Rule 8(a)(2). The Court will consider, in turn, each claim that SBISD contends should be dismissed.

### 1. Fourth Amendment Claim

Plaintiffs allege that SBISD violated S.R.'s Fourth Amendment right to "be free from unreasonable and unnecessary seclusion[.]"[6] SBISD contends that Plaintiffs failed to provide any facts suggesting that S.R.'s seclusion was unreasonable. In response, Plaintiffs contend that SBISD did not address certain aspects of the Fourth Amendment Claim and has consequentially waived it. Furthermore, Plaintiffs contend that, given the facts alleged in their Amended

---

[6] *Plaintiffs' Amended Complaint*, Document 29 at 13.

Complaint, their Fourth Amendment claim is plausible and thus should not be dismissed.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." *Terry v. Ohio,* 392 U.S. 1, 8 (1868). It is long established that the Fourth Amendment applies in schools, at least to the extent that the rights it protects are appropriate for the students. *See Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 655 (1995). In evaluating claims brought under the Fourth Amendment, the central question for a court's consideration is whether a government seizure is reasonable under the circumstances. *See Milligan v. City of Slidell*, 226 F.3d 652, 654 (5th Cir. 2000). In determining reasonableness, "courts balance the governmental interest against the invasion which the search or seizure entails." *Milligan*, 226 F.3d at 654 (citing *Terry*, 392 U.S. at 19). When determining if a school's seizure is reasonable, "custodial and tutelary reasonability for children" must be considered. *Vernonia Sch. Dist.*, 515 U.S. at 656. Lastly, the scope of search or seizure must be proportional to the justification for restraint. *See Littell v. Houston Indep. Sch. Dist.,* 894 F.3d 616, 620 (2018) (relating to reasonableness for a search under the Fourth Amendment).

Here, the Court has reviewed Plaintiffs' complaint in detail. In doing so, the Court considered the language of Plaintiffs' Fourth Amendment claim, which states that "S.R. had a right, while alive to be free from unreasonable and unnecessary

7

seclusion, which violated his rights pursuant to the 4th  Amendment to the United States Constitution."[7] SBISD contends that Plaintiffs have not offered facts to suggest that the placement of S.R. in a self-contained classroom was unreasonable. SBISD further contends that the confinement of S.R. in a portion of his classroom was an attempt to keep him safe and was not a departure from accepted professional standards. Lastly, SBISD contends that S.R. being is a self-contained classroom was in accordance with S.R.'s individualized education program ("IEP"), which the Plaintiffs agreed to.[8] In response, Plaintiffs concede that S.R's placement in a self-contained classroom was reasonable, but contend that the methods of seclusion used by SBISD were unreasonable.[9] Plaintiffs allege that S.R. was kept in a small area of the room, was surrounded by bookshelves, and was separated from the rest of his class.

A review of the record in this matter reveals that S.R.'s IEP specifically allowed S.R.'s placement in a self-contained classroom and that Plaintiffs agreed to S.R.'s IEP. Thus, given the Fifth Circuit's guidance on determining reasonableness,

---

[7] *Plaintiffs' Amended Petition*, Document 29 at 21.

[8] *See Defendant Spring Branch Independent School District's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Document No. 30 at 14.

[9] *Plaintiffs' Response to the School District's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 42 at 29.

the Court finds that Plaintiffs have failed to plead facts showing that the methods of seclusion were unreasonable given the school's interest in keeping S.R. safe and complying with his IEP. Accordingly, the Court finds that Plaintiffs' Fourth Amendment claim should be dismissed. The Court will now address Plaintiffs' claims under the Fourteenth Amendment.

### 2. *Fourteenth Amendment Claims*

Plaintiffs allege three claims against HISD under the Fourteenth Amendment related to policy and practices, due process, and equal protection. The Fourteenth Amendment states, in relevant part, that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law; nor deny any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV. Given the intertwined facts and law relevant to Plaintiffs' policy and practices and due process claim, the court will consider them together.

9

i. *"Policy and Practices" and "Due Process"[10]*

Plaintiffs allege that the SBISD School Board "had an actual policy, practice, and custom of conscious and deliberate indifference to federal and state law" and that the indifference was a "moving force in the injuries."[11] Plaintiffs further allege that SBISD failed to supervise and train staff, leading to the violation of S.R.'s rights. In response, SBISD contends that Plaintiffs' fourteenth amendment policy and practices claim must be dismissed because Plaintiffs "fail to and cannot plead the elements of municipal liability under Section 1983."[12] In response, Plaintiffs contend that their claims under the Fourteenth Amendment are plausible.[13]

Under 42 U.S.C. § 1983, a municipality may be liable if execution of the government's policy results in constitutional violations. *See Monell v. Dept. of Soc.*

---

[10] *Plaintiffs' Amended Complaint*, Document No. 29 at 21. The Court notes that Plaintiffs bring separate claims for "Policy and Practice" and "Due Process Claims." A review of Plaintiffs' claims reveal that they are essentially *Monell* liability claims. As such, the Court will construe Plaintiffs' "Policy and Practice" and "Due Process Claims" as a *Monell* liability claim and consider Plaintiffs' policy and lack of training allegations separately. Furthermore, to the extent that Plaintiffs intend to bring claims against SBISD under the theory of *respondeat superior*, they too will be construed as *Monell* liability claims by this Court.

[11] *Plaintiffs' Amended Complaint*, Document No. 29 at 21.

[12] *Defendant Spring Branch Independent School District's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Document No. 30 at 14.

[13] *Plaintiffs' Response to the School District's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 42 at 32.

10

*Servs.*, 436 U.S. 658, 694 (1978); *see also* 42 U.S.C. § 1983. To succeed on a claim for municipal liability, a plaintiff must prove "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy of custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). To show an "official policy" a plaintiff must show "[a] policy . . . officially adopted . . . by an official" or "a persistent, widespread practice . . . [that is] so common and well settled as to constitute a custom." *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995). To show a custom, a pattern must be "so common and well-settled as to constitute a custom that fairly represents municipal policy." *Peterson v. City of Fort Worth, Tex.*, 237 F.3d 567, 579 (5th Cir. 2009). A failure to train can be thought of as a policy only "where [the failure] reflects a 'deliberate' or 'conscious' choice by the municipality[.]" *Canton v. Harris*, 489 U.S. 378, 379 (1989). Most pertinent here, "[if] the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, [then] the policymakers . . . can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390.

Here, Plaintiffs allege that SBISD "failed to have a policy on how to keep and secure cleaning materials like safety gloves."[14] Plaintiffs further allege that SBISD

---

[14] *Plaintiffs' Amended Complaint*, Document No. 29 at 2.

"failed to enact a Policy & Procedure to address medical emergencies[.]"[15] Plaintiffs further allege that SBISD "failed to sufficiently supervise staff regarding addressing the needs of children . . . especially a student with a disability like S.R."[16] Plaintiffs rely on the Supreme Court's holding in *Canton*, and argue that SBISD's deliberate indifference is shown by the fact that the risk of constitutional violations was obvious.[17] Lastly, Plaintiffs contend that SBISD does not address the "failure to have a choking policy & procedure in place [claim]" in their motion to dismiss, and thus it is waived.[18]

In response, SBISD contends that Plaintiffs' policy and practices claim fails because Plaintiffs fail to allege a custom of improper treatment of choking victims or of improper storage of gloves.[19] SBISD further contends that Plaintiffs "make

---

[15] *Plaintiffs' Amended Complaint*, Document No. 29 at 2.

[16] *Plaintiffs' Amended Complaint*, Document No. 29 at 21.

[17] *See Plaintiffs' Response to the School District's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 42 at 35 (citing *Canton v. Harris*, 489 U.S. 378, 379 (1989)).

[18] *Plaintiffs' Response to the School District's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 42 at 34. A review of the record in this matter reveals that SBISD does address Plaintiffs allegation "that SBISD's Board failed to develop policies or procedures on: (1) how to address choking victims[.]" Regardless, the contend of SBISD's motion to dismiss does not excuse Plaintiffs from the pleading requirements under Federal Rule of Civil Procedure Rule 8(a)(2).

[19] *See Defendant Spring Branch Independent School District's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Document No. 30 at 18.

conclusory allegations [and] . . . do not plead the existence of any similar incidents[.]"[20]   SBISD further contends that Plaintiffs have failed to show that SBISD was deliberately indifferent in any failure to train that may have existed.[21]

A review of the record reveals that Plaintiffs fail to plead sufficient facts to suggest either a custom of improper treatment of choking victims or of any deliberate indifference on behalf of SBISD. Plaintiffs' pleadings allege only that a previous individualized examination of S.R. conducted by SBISD included notes of S.R. being a choking hazard, a previous incident where S.R. swallowed a paper clip, and "multiple incidents involving the ingestion of foreign objects."[22] However, the Plaintiffs plead no similar instances, including the aforementioned incidents, where S.R., or any other student, was improperly treated for choking. Furthermore, a review of the record in this matter reveals that Plaintiffs do not plead similar events where SBISD failed to secure cleaning materials.

Given the Fifth Circuit and Supreme Court's clear guidance that establishing a custom or deliberate indifference requires pleading facts that suggest either a

---

[20] *Defendant Spring Branch Independent School District's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Document No. 30 at 18.

[21] *Defendant Spring Branch Independent School District's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Document No. 30 at 20.

[22] *See Plaintiffs' Amended Complaint*, Document No. 29 at 13–14.

pattern of behavior or an obvious need for change of training, the Court finds that Plaintiffs have failed to show that SBISD was deliberately indifferent to any choice with respect to training or that any well-settled custom existed. Based on the foregoing, the Court finds that Plaintiffs' Fourteenth Amendment claim, with respect to policy, practice, training, and supervision, should be dismissed. The Court will now consider Plaintiffs' Fourteenth Amendment claim under equal protection.

### ii. Equal Protection

Plaintiffs allege that SBISD's actions violated "Equal Protection of the Fourteenth Amendment of the Constitution of the United States[.]"[23] SBISD contends that Plaintiffs' equal protection claim should be dismissed because it fails as a matter of law.

The Equal Protection Clause of the Fourteenth Amendment commands that "'all persons similarly circumstanced shall be treated alike.'" *Plyler v. Doe*, 457 U.S. 202, 216 (1982) (quoting *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920)). A plaintiff can bring an equal protection claim as a class of one by alleging that they have "been intentionally treated differently from other similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citing *Sioux City Bridge Co. v.*

---

[23] *Plaintiffs' Amended Complaint*, Document No. 29 at 22.

14

*Dakota County*, 260 U.S. 441 (1923)). Furthermore, a plaintiff must allege that the unequal treatment "stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001).

Here, Plaintiffs allege that "[t]he failures by SB ISD School Board were a moving force in violating the rights of S.R., as a class of one[.][24] SBISD contends that Plaintiffs claim as a "class of one" must fail because they fail to allege "any facts that show S.R. was treated differently from similarly situated individuals or that unequal treatment of S.R. stemmed from discriminatory intent."[25] SBISD further contends that "Plaintiffs have not plead any facts to support a cause of action under the equal protection clause of the Fourteenth Amendment apart from referencing the clause itself."[26] In response, Plaintiffs allege that S.R. was "confined" and that "there is no rational basis for such mistreatment."[27]

---

[24] *Amended Complaint*, Document No. 29 at 29.

[25] *Defendant Spring Branch Independent School District's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Document No. 30 at 15.

[26] *Defendant Spring Branch Independent School District's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Document No. 30 at 15 n. 2.

[27] *Plaintiffs' Response to the School District's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 42 at 31.

15

A review of the record in this matter reveals that Plaintiffs fail to plead sufficient facts suggesting that S.R. was treated differently from similarly situated individuals without any rational basis or with discriminatory intent. On the contrary, "S.R. was educated in what is termed a Self-contained Classroom with other students who also had significant disabling conditions."[28] Based on the foregoing, and the Supreme Court and Fifth Circuit's clear guidance that an equal protection claim requires the Plaintiff plead discriminatory intend and no rational basis for difference in treatment, the Court finds that Plaintiff has failed to sufficiently plead their claim under the Equal Protection Clause. As such, this claim should be dismissed. The Court will now consider Plaintiffs' claims under Section 504 of the Rehabilitation Act of 1973 ("Section 504") and the Americans with Disabilities Act ("ADA").[29]

### 3. Section 504 and ADA Claims

Plaintiffs allege that SBISD violated Section 504 and brings claims for: (i) professional bad faith or gross misjudgment; (ii) failure to keep safe; (iii) disparate

---

[28] *Plaintiffs' Amended Complaint*, Document No. 29 at 12.

[29] Given the similarities between Section 504 and the ADA, the Court will consider Plaintiffs' claims under both acts simultaneously. *See Smith v. Harris County, Tex.*, 956 F.3d 311, 317 (5th Cir. 2020) ([t]he close relationship between Section 504 of the Rehabilitation Act and Title II of the ADA means that precedents interpreting either law generally apply to both"); *see also Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000) ("[j]urisprudence interpreting either section [Section 504 and the ADA] is applicable to both").

treatment; and (iv) failure to accommodate.[30] In addition, Plaintiffs allege that S.R. was "a victim of discrimination based upon his disability . . . [and thus,] has a plausible claim pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12131[.]"[31] SBISD contends that these claims must be dismissed because Plaintiffs "fail to plead facts supporting any of the elements[.]"[32]

"[T]he basic purpose of § 504 . . . is to ensure that handicapped individuals are not denied jobs or other benefits because of the prejudiced attitudes or the ignorance of others." *School Bd. Of Nassau County, Fla. v. Arline*, 480 U.S. 273, 284 (1987). Comparably, the ADA states, in relevant part, that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied benefits of the services, programs, or actives of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132. The Court will consider, in turn, each of Plaintiffs' claims under Section 504 and the ADA.

---

[30] *Plaintiffs' Amended Complaint*, Document No. 29 at 23.

[31] *Plaintiffs' Amended Complaint*, Document No. 29 at 22–23.

[32] *Defendant Spring Branch Independent School District's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Document No. 30 at 6.

i. *Professional Bad Faith or Gross Misjudgment*

Plaintiffs allege that "the School District demonstrated professional bad faith or gross misjudgment and/or mismanagement of S.R.'s educational plan[.]"[33] SBISD contends that "Plaintiffs reference to 'bad faith or gross mismanagement' is outdated, irrelevant, and does not constitute the assertion of any viable claim."[34] In response to SBISD's motion to dismiss, Plaintiffs concede that their "use of the phrase 'Professional Bad Faith Or Gross Misjudgment" is outdated and incorrect."[35] Based on the foregoing, the Court finds that Plaintiffs' claim for Professional Bad Faith or Gross Misconduct should be dismissed because a claim described as such

---

[33] *Plaintiffs' Amended Complaint*, Document No. 29 at 22.

[34] *Defendant Spring Branch Independent School District's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Document No. 30 at 8.

[35] *Plaintiffs' Response to the School District's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 42 at 39.

does not exist under neither Section 504 nor the ADA.[36] The Court will now consider Plaintiffs' Section 504 and ADA claim for failure to keep safe.

ii. *Failure to Keep Safe*

Plaintiffs allege that "the School District [SBISD] failed to provide S.R. a safe and non-hostile educational environment, and as such he is a victim of discrimination based upon disability."[37] SBISD contends that Plaintiffs claim for "failure to keep safe" is not sufficiently pled and must be dismissed.[38]

The Fifth Circuit has recognized a five-part test that must be met to impose liability for disability-based harassment. *See Estate of Lance v. Lewisville Independent School Dist.*, 743 F.3d 982, 997 (5th Cir. 2014) (applying the Supreme Court's test outlined in *Davis* to Section 504 claims); *Davis v. Monroe County Board of Educ.*, 526 U.S. 629 (1999). The aforementioned test requires a plaintiff show

---

[36] In response to SBISD's motion to dismiss, Plaintiffs allege that, despite the fact that their claim for "Professional Bad Faith or Gross Misjudgment" is incorrect, their Failure to Provide a Free Appropriate Public Education ("FAPE") claim survives. *See Plaintiffs' Response to the School District's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 42 at 39. The Court has reviewed Plaintiffs' Amended Complaint in detail and, even construing Plaintiffs' Amended Complaint liberally, the Court is unable to construe Plaintiffs' general reference to FAPE and the Individuals with Disabilities Education Act ("IDEA") as a claim against SBISD. As such, to the extent Plaintiffs intend to bring a claim under IDEA or FAPE, the Court finds it should be dismissed.

[37] *Plaintiffs' Amended Complaint*, Document No. 29 at 22.

[38] *Defendant Spring Branch Independent School District's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Document No. 30 at 12.

19

that: (1) they are an individual with a disability; (2) they were harassed based on their disability; (3) "the harassment was sufficiently severe or pervasive;" (4) the defendant "knew about the harassment;" and (5) that the defendant "was deliberately indifferent to the harassment." *Estate of Lance*, 743 F.3d at 997.

Here, SBISD contends that Plaintiffs' "failure to keeps safe" claim must be dismissed because "[f]ailure to property store, use, or dispose of rubber gloves does not constitute discrimination under the ADA or Section 504 because Plaintiffs have not pled that the failure was due to intentional discrimination or that the District was deliberately indifferent."[39] In response, Plaintiffs' contend that their "failure to keep safe claim" requires a showing that "the environment was unsafe" and that "[i]t is uncontroverted that the environment for S.R. was unsafe."[40] Plaintiffs rely on their understanding of the elements required "to sustain an unsafe educational environment claim" which requires, in relevant part, a showing of an unsafe environment.[41] Plaintiffs appear to rely on the holdings of *Doe* and *Lance* to construct their understanding of what is required in pleading their claim. However,

---

[39] *Defendant Spring Branch Independent School District's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Document No. 30 at 11.

[40] *Plaintiffs' Response to the School District's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 42 at 41.

[41] *Plaintiffs' Response to the School District's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 42 at 41.

a review of the cases upon which Plaintiffs construct their understanding reveals that a claim for "failure to keep safe" requires a showing of "harassment based on disability[,]" rather than a simple showing of an unsafe environment.[42]

Based on the foregoing, and the Fifth Circuit's clear guidance that a "failure to keep safe" claim requires a showing of harassment, the Court finds that Plaintiff has failed to plead any facts that suggest S.R. was harassed because of his disability, and that, as such, Plaintiffs' claim for "failure to keep safe" should be dismissed for failure to state a claim.[43] The Court will now consider Plaintiffs' Section 504 and ADA claims for disparate treatment.

iii. *Disparate Treatment*

Plaintiffs allege that the facts "support a plausible 'Disparate Treatment Claim' also pursuant to the Rehabilitation Act."[44] SBISD contends that Plaintiffs'

---

[42] *See Plaintiffs' Response to the School District's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 42 at 41(citing *Doe v. Texas A&M Univ.*, 634 F.Supp.3d 365, 383 (S.D. Tex. Oct. 6, 2022)) (finding that "the Fifth Circuit states that to plead a claim for hostile educational environment a plaintiff must allege that . . . [she] was harassed based on [her] disability) (citing *Estate of Lance v. Lewisville Independent School Dist.*, 743 F.3d 982, 997 (5th Cir. 2014)).

[43] *See Plaintiffs' Amended Complaint*, Document No. 29. Plaintiffs fail to mention any events of harassment outside of S.R.'s seclusion in his classroom. Given the fact that seclusion was an attempt to keep him safe, the Court declines to construe this seclusion as harassment.

[44] *Plaintiffs' Amended Complaint*, Document No. 29 at 23.

disparate treatment claim must be dismissed because it fails to state a claim upon which relief can be granted.

Disparate treatment occurs when "[t]he employer treats some people less favorably than others because of their race, color, religion, sex, or [other protected characteristics]." *Teamsters v. United States*, 431 U.S. 324, 335, n. 15 (1977). "Liability in a disparate-treatment case 'depends on whether the protected trait . . . actually motivated the employer's decision'" *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003) (citation omitted).

Here, SBISD contends that "[b]ecause Plaintiffs fail to plead a 'disparate treatment' claim for intentional discrimination, their Section 504 and ADA disparate treatment claims against SBISD must be dismissed."[45] SBISD reasons that "treatment of a disabled student may be different from a non-disabled student but that doesn't make it discriminatory."[46] In response, Plaintiffs contend that their claim is sufficiently pled because they provide that S.R. was "excluded from being educated in the classroom as were his peers, and rather was segregated in a corner

---

[45] *Defendant Spring Branch Independent School District's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Document No. 30 at 12.

[46] *Defendant Spring Branch Independent School District's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Document No. 30 at 12. *See also J.W. v. Paley*, 81 F.4th 440, 451 (5th Cir. 2023) ("[i]f different were always discriminatory, then even disability accommodations would be discriminatory").

of the room because of his disabilities."[47] A review of the record reveals that Plaintiffs' own pleadings concede that S.R.'s seclusion was "one way the District tried to keep [S.R.] safe[.]"[48]

Based on the foregoing, and the Supreme Court's clear guidance that the protected trait must be the motivation behind the discrimination, the Court finds that Plaintiffs' claim for disparate treatment should be dismissed for failure to state a claim as the record clearly reveals, per Plaintiffs' own statement, that S.R.'s safety was the motivation behind his seclusion, not his disability. The Court will now consider Plaintiffs' Section 504 and ADA claims for failure to accommodate.

iv. *Failure to Accommodate*

Plaintiffs allege that the facts "support a plausible 'failure to accommodate' claim pursuant to the Rehabilitation Act[.]"[49] SBISD contends that Plaintiffs' failure to accommodate claim must be dismissed because Plaintiffs fail to state a claim upon which relief can be granted.

"To succeed on a failure-to-accommodate claim, a plaintiff must prove: (1) he is a qualified individual with a disability; (2) the disability and its consequential

---

[47] *See Plaintiffs' Response to the School District's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 42 at 42.

[48] *See Plaintiffs' Amended Complaint*, Document No. 29 at 16.

[49] *Plaintiffs' Amended Complaint*, Document No. 29 at 23.

limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations." *Smith v. Harris Cnty.*, 956 F.3d 311, 317 (5th Cir. 2020) (quotation omitted). Generally, "[i]t is the plaintiff's burden to request reasonable accommodations." *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007). However, a plaintiff can succeed on a failure to accommodate claim even when they did not request an accommodation if it is shown that the necessary accommodations were "open, obvious, and apparent." *Smith v. Harris County, Tex.*, 956 F.3d 311, 318 (5th Cir. 2020).

Here, SBISD contends that Plaintiffs' failure to accommodate claim must be dismissed because they "do not and cannot identify any accommodations they requested from the District or that the District refused any such accommodations."[50] In response, Plaintiffs contend that "there was no need for the family to ask for any specific accommodations."[51] A review of the record in this matter, including the allegations in Plaintiffs' Complaint, reveals that Plaintiffs pled sufficient facts to suggest that S.R.'s need for specific accommodations were open and obvious.[52]

---

[50] *Defendant Spring Branch Independent School District's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Document No. 30 at 9.

[51] *Plaintiffs' Response to the School District's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 42 at 49.

[52] *See Plaintiffs' Amended Complaint*, Document No. 29 at 13.

Based on the foregoing, and given the Fifth Circuit's clear guidance that a plaintiff need not request the accommodations when the need is open and obvious, the Court finds that SBISD's motion to dismiss Plaintiffs' failure to accommodate claim should be denied.[53] The Court will now consider Defendants Jamila Tressie Spencer and Soliant Health, LLC d/b/a Soliant Health's Motion to Dismiss.

### C. Spencer and Soliant Health's Motion to Dismiss (Document No. 32)

Spencer and Soliant Health move to dismiss all of Plaintiffs' claims contending that Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs contend that their claims are sufficiently pled and, as such, that Spencer and Soliant Health's motion should be denied. The Court will consider Spencer and Soliant Health's Motion to Dismiss, in turn, Plaintiffs' claims against Spencer and Soliant Health.

### 1. Plaintiffs' Claims Against Spencer

Plaintiffs allege that Spencer's negligence and gross negligence caused S.R.'s death. As such, Plaintiffs seek damages under Chapter 71 of the Texas Civil Practice and Remedies Code pursuant to a wrongful death and survival action. Spencer contends that Plaintiffs' claims should be dismissed because Spencer: (1) has

statutory immunity; (2) owed no "duty to render life-saving medical aid;" and (3) because her "alleged inaction was not the proximate cause of S.R.'s death."[54]

When exercising jurisdiction over a question based upon state law, federal courts should apply the substantive law of that state. *Crisalli v. ARX Holding Corp.*, 177 F. App'x 417, 419 (5th Cir. 2006) (*citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72 (1938)). Tort law is a matter of state law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 87 (1938). To allege a negligence action under Texas law, a Plaintiff must allege sufficient facts to show "a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach." *Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009); *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (applying Texas State law). To succeed on a gross negligence claim, a plaintiff must show that "1) when viewed objectively . . . the act or omission involved an extreme degree of risk . . . and 2) the defendant had actual, subjective awareness of the risk involved[.]" *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012).

Most pertinent here, the Texas Education Code provides, in relevant part, that "[a] professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of

---

[54] *Defendants' Motion to Dismiss Plaintiff's First Amended Complaint*, Document No. 32 at 12–16.

employment and that involves the exercise of judgment or discretion[.]" TEX. EDUC. CODE § 22.051(a). Generally, a discretionary act is an act that requires personal deliberation and an act where the law does not specify the action. *See Finlan v. Dallas Indep. Sch. Dist.*, 90 S.W.3d 395, 409 (Tex. App.—Dallas 2002, pet. denied).

Here, Spencer contends that Plaintiffs' negligence and gross negligence claims must be dismissed because she is entitled to immunity, owed no duty to save S.R.'s life, and was not the proximate cause of S.R.'s death. In response, Plaintiffs contend that Spencer is not entitled to immunity, that she did owe S.R. a duty, and that she was a proximate cause of S.R.'s death. With respect to Spencer's immunity, Plaintiffs contend that Spencer was not a professional employee and that the act, or omission of acts, was not discretionary as required by the Texas Education Code § 22.051.[55] Plaintiffs further contend that "[t]hese duties [to supervise S.R.] were not complex, clinical, instructional, or discretionary in nature, they were routine, basic supervisory tasks."[56] Lastly, Plaintiffs contend that "[Spencer] was obligated to follow the IEP, which specified the need for constant supervision due to S.R.'s risk

---

[55] *Plaintiffs' Response to Soliant Health, LLC D/B/A Soliant Health and Jamila Tressie Spencer's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 46 at 6.

[56] *Plaintiffs' Response to Soliant Health, LLC D/B/A Soliant Health and Jamila Tressie Spencer's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 46 at 15.

of choking … remov[ing] discretion from the equation."[57] A review of the record in this matter clearly reveals that S.R. had an IEP requiring supervision. Based on the foregoing, and the Texas Education Code's clear requirement that an act for which immunity applies must be discretionary, the Court finds that it was not within Spencer's discretion to supervise S.R. and that, as such, immunity does not apply.

Plaintiffs contend that even if Spencer's acts involved the exercise of discretion, she is not entitled to immunity because she is not a professional employee as defined by the Texas Education Code.[58] Spencer conclusively states that she is a professional employee as defined by the Texas Education Code.[59] The Texas Education Code defines "professional employee of a school district" as: "(1) a superintendent, principal, teacher, including a substitute teacher, supervisor, social worker, school counsel, nurse, and teacher's aide employed by a school district; (2) a teach employed by a company that contract with a school district to provide the teacher's services to the district; . . . and (6) any other person employed by a school

---

[57] *Plaintiffs' Response to Soliant Health, LLC D/B/A Soliant Health and Jamila Tressie Spencer's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 46 at 15.

[58] *Plaintiffs' Response to Soliant Health, LLC D/B/A Soliant Health and Jamila Tressie Spencer's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 46 at 8.

[59] *Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 32 at 13.

district whose employment requires certification and the exercise of discretion." TEX. EDUC. CODE § 22.051(a).

Here, Spencer conclusively contends that she is entitled to immunity under 22.051(a)(2) and 22.051(a)(6).[60] Plaintiffs contend that Spencer does not fall under either 22.051(a)(2) or 22.051(a)(6).[61] Plaintiffs argue that Spencer is not a "teacher" and that, as such, 22.051(a)(2) is inapplicable.[62] In support of their argument, Plaintiffs contrast 22.051(a)(2), which includes only the term teacher, with the language of 22.051(a)(1) which includes the terms teachers, aids, nurses, and others.[63] Plaintiffs contend that this difference clearly shows that "assistant speech pathologists who [do not] hold a teaching certificate" are not intended to be included under 22.051(a)(2).[64] Furthermore, Plaintiffs contend that Spencer cannot be

---

[60] *Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 32 at 13.

[61] *Plaintiffs' Response to Soliant Health, LLC D/B/A Soliant Health and Jamila Tressie Spencer's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 46 at 8.

[62] *Plaintiffs' Response to Soliant Health, LLC D/B/A Soliant Health and Jamila Tressie Spencer's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 46 at 8–9.

[63] *Plaintiffs' Response to Soliant Health, LLC D/B/A Soliant Health and Jamila Tressie Spencer's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 46 at 9. *See* TEX. EDUC. CODE § 22.051(a).

[64] *Plaintiffs' Response to Soliant Health, LLC D/B/A Soliant Health and Jamila Tressie Spencer's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 46 at 8–9.

29

included under 22.051(a)(1) or 22.051(a)(6) because she is not "employed by a school district[,]" but rather "by Soliant[.]"[65]

Considering the clear text of the Texas Education Code, the Court finds Plaintiffs' interpretation of § 22.051 more persuasive than Spencer's conclusory contention. Based on the foregoing, and the Court's independent interpretation of the relevant sections, the Court finds that Spencer is not a professional employee of a school district as defined by the Texas Education Code. As such, even if Spencer's actions involved the exercise of discretion, the Court finds that Spencer is still not entitled to immunity under § 22.051 because she has failed to show that she is entitled to such immunity as an assistant speech pathologist.

Turning to the contested elements of negligence, Spencer contends that Plaintiffs' negligence claim must be dismissed because she owed no duty to save S.R.'s life and was not a proximate cause of S.R.'s death. In response, Plaintiffs' contend that they "do not hinge their negligence theory solely on a failure to perform medical aid. Rather . . . Spencer breached [her] duty by failing to monitor S.R."[66] A

---

[65] *Plaintiffs' Response to Soliant Health, LLC D/B/A Soliant Health and Jamila Tressie Spencer's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 46 at 11 (pointing out the stark different between 22.051(a)(2), which expressly covers employees contracting with a school district, and 22.051(a)(1) and (a)(6) which includes school district employees).

[66] *Plaintiffs' Response to Soliant Health, LLC D/B/A Soliant Health and Jamila Tressie Spencer's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 46 at 17.

review of the record in this matter reveals that Plaintiffs' plead not only that Spencer was negligent in failing to render aid, but also that Spencer was negligent in "failing to monitor, supervise, [and] protect [S.R.]." Based on the foregoing, the Court finds that Plaintiffs have successfully pled their negligence claim with respect to duty.

Lastly, in response to Spencer's proximate cause argument, Plaintiffs' contend that "[u]nder Texas law, proximate causation is typically a question of fact, not appropriate for resolution on summary judgment-let alone dismissal with prejudice on the pleadings."[67] Given the clear guidance of Texas appellate courts, the Court finds that Plaintiffs' negligence claim is sufficiently pled with respect to causation. Consequently, the Court finds that Spencer's motion to dismiss Plaintiffs' negligence claim should be denied. The Court will now briefly consider Spencer's motion to dismiss Plaintiffs' gross negligence claim.

Spencer contends that "Plaintiffs' gross negligence claim fails for the same reason as the negligence claim."[68] In response, Plaintiffs' contend that this argument "depend[s] entirely on dismissal of the underlying negligence claim against

---

[67] *Plaintiffs' Response to Soliant Health, LLC D/B/A Soliant Health and Jamila Tressie Spencer's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 46 at 23 (citing *First Assembly of God, Inc. v. Texas Utilities Elec. Co.*, 52 S.W.3d 482, 493 (Tex. App. 2001)).

[68] *Defendants' Motion to Dismiss Plaintiff's First Amended Complaint*, Document No. 32 at 6.

Spencer."[69] Given the Court's prior finding that Spencer's motion to dismiss should be denied with respect to Plaintiffs' negligence claim, and given no alternative argument by Spencer, the Court further finds that Spencer's motion to dismiss Plaintiffs' gross negligence claim should be denied. The Court will now consider Plaintiffs' claims against Soliant Health.

### 2. *Plaintiffs' Claims Against Soliant Health*

Soliant Health contends that "Plaintiffs do not allege any independent tortious conduct as to Soliant."[70] Soliant Health further contends that "[b]ecause the Complaint fails to state negligence and gross negligence claims against Spencer, it necessarily fails to state a claim based [on] the viacarious liability of Soliant."[71] Absent any alternative argument by Soliant Health, and given the Court's finding that Plaintiffs' claims against Spencer are sufficiently pled, the Court finds that Spencer and Soliant Health's motion to dismiss should be denied.

---

[69] *Plaintiffs' Response to Soliant Health, LLC D/B/A Soliant Health and Jamila Tressie Spencer's Motion to Dismiss Plaintiffs' First Amended Complaint*, Document No. 46 at 25.

[70] *Defendants' Motion to Dismiss Plaintiff's First Amended Complaint*, Document No. 32 at 21.

[71] *Defendants' Motion to Dismiss Plaintiff's First Amended Complaint*, Document No. 32 at 21–22.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Spring Branch Independent School District's Motion to Strike Exhibits to Plaintiffs' Response to SBISD's Motion to Dismiss Plaintiff's First Amended Complaint (Document No. 50) is **GRANTED**. The Court further

**ORDERS** that Defendant Spring Branch Independent School District's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 30) is **DENIED IN PART** with respect to Plaintiffs' Failure to Accommodate claims and **GRANTED IN PART** with respect to all other claims Plaintiffs' bring against Defendant Spring Branch Independent School District. The Court further

**ORDERS** that Defendants Soliant Health, LLC d/b/a Soliant Health's and Jamila Tressie Spencer's Motion to Dismiss Plaintiffs' First Amended Complaint (Document No. 32) is **DENIED**. The Court further

**ORDERS** that Plaintiffs' Fourth Amendment claim, Policy and Practice claim, Due Process claim, Equal Protection claim, Professional Bad Faith or Gross Misjudgment claims, Failure to Keep Safe claims, Disparate Treatment claims, and *Respondeat Superior* claim against Spring Branch Independent School District are **DISMISSED WITHOUT PREJUDICE**. The Court further

**ORDERS** that all other claims brought against Spring Branch Independent

School District, with the exception of Plaintiffs' Failure to Accommodate claims,

are **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas, on this ⟍2 day of December, 2025.

DAVID HITTNER
United States District Judge